IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

 vs.                                                         CIVIL NO. 01-201 LH/LFG
                                                                       CRIM. NO. 97-631 LH

JOSEPH P. GUTIERREZ,

    Defendant-Movant.


## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1.  This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed February 21, 2001.  Movant Joseph P. Gutierrez ("Gutierrez") attacks the sentence entered by the United States District Court for the District of New Mexico in <u>United States v. Gutierrez</u>, No. CR 97-631.

    2.  Gutierrez pled guilty to Armed Bank Robbery and Attempted Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d).  He was sentenced on April 15, 1998 to 100 months incarceration.  [Doc. 28 in CR 97-631].  A new sentence of 84 months was imposed on October 1, 1998, following the government's motion under Fed. R. Crim. P. 35(d).  [Doc. 34 in CR 97-631].

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

On February 11, 1999, a second Amended Judgment was filed, for correction of clerical errors under Fed. R. Crim. P. 36. Gutierrez's sentence remained unchanged from the October 1998 judgment. Gutierrez did not appeal any of these judgments.

3. The time for filing an appeal expired ten days after the second Amended Judgment was entered on the criminal docket, or approximately February 22, 1999. Fed. R. App. P. 4(b)(1)(A)(i), 4(b)(6). 28 U.S.C. § 2255, as amended in 1996 by the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that a federal prisoner seeking to challenge his sentence must file his § 2255 motion within one year from the date his conviction becomes final. Because Gutierrez did not appeal, his conviction became final, and the limitations period started to run, on February 22, 1999.

4. In United States v. Burch, 202 F.3d 1274, 1277 (10th Cir. 2000) the Tenth Circuit held that "§ 2255's use of 'final' plainly means 'a decision from which no appeal or writ of error can be taken.'" The court held that the concept of finality is the same for proceedings under both § 2254 and § 2255, and the statute of limitations for petitions under § 2254 runs from the date on which the judgment becomes final "by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2254. *See also*, Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S. Ct. 708 n.6 (1987), quoted in Burch, *supra*, at 1278:

> a conviction that is 'final' means 'a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.

5. If a federal prisoner does not file a direct appeal, he is barred from filing a motion under § 2255 one year from the date his time for appeal expired, United States v. Johnson, 210 F.3d 390 (Table, text in Westlaw), No. 99-3262, 2000 WL 279118, at *1 (10th Cir. Mar. 15, 2000), and the

limitations period is not extended by the time within which the prisoner could have filed a petition for certiorari.  United States v. Smith, 215 F.3d 1338 (Table, text in Westlaw), No. 99-2329, 2000 WL 639488, at *1 (10th Cir. 2000):

> The judgment of sentencing was entered on October 24, 1996, and Smith had until November 4, 1996 to file a direct appeal . . .  Smith argues that the one-year limitations period [on her § 2255 motion] did not begin to run until this court denied her untimely direct appeal. However, Smith did not pursue her direct appeal within the applicable time limits and her unsuccessful efforts do not toll the statute of limitations.

S*ee also*, Fitts v. Williams, 232 F.3d 901 (Table, text in Westlaw), No. 00-2175, 2000 WL 1480494, at *1 (10th Cir. Oct. 6, 2000) (a state prisoner's judgment "became final for purposes for AEDPA on March 6, 1998, which is the last date Mr. Fitts might have filed a direct appeal of his conviction"). In any case, even if the 90-day period for filing a certiorari petition with the Supreme Court were added onto the accrual time, Gutierriez's motion, which came nearly two years after the final judgment in his case, would still be untimely.

      6. Respondent raised the statute of limitations issue in its Answer [Doc. 8, at 2-3].  Gutierrez argues, in his Response to Plaintiff's Answer [Doc. 10], that he was not in Court on February 11, 1999 and knew nothing about the proceedings resulting in the second Amended Judgment, and this lack of knowledge excuses his failure to appeal that judgment.  However, proceedings to correct a clerical error in a judgment do not require the presence of, or even notice to, the defendant.  Fed. R. Crim. P. 36 ("Clerical mistakes in judgment or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders").  Gutierrez does not argue that he was not aware of the original or first amended judgments, and  if the limitations period is calculated from those judgments, he is even

3

further out of time. Gutierrez has not presented, and the Court does not discern from the record, any justification for applying the doctrine of equitable tolling. Miller v. Marr, 141 F.3d 976 (10th Cir. 1998).

## **Recommended Disposition**

That Gutierrez's motion under § 2255 be denied as untimely and the case dismissed with prejudice.

　　　　　　　　　　　　　　　　　　　　　／s／ Lorenzo F. Garcia
　　　　　　　　　　　　　　　　　　　　　Lorenzo F. Garcia
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge